**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 12-00346 VAP (SPx)                    Date:  March 28, 2012

Title:     AURORA LOAN SERVICES, LLC -*v*- HILDA E. CABRAL, et al.
================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| | |
|---|---|
| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:        MINUTE ORDER REMANDING ACTION TO THE
                    CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF
                    SAN BERNARDINO (IN CHAMBERS)

        On March 7, 2012, alleging that this Court has both federal question and diversity jurisdiction over the instant case, Defendants Hilda and Irene Cabral removed the above-captioned unlawful detainer action to this Court from the California Superior Court for the County of San Bernardino.  For the following reasons, the Court REMANDS this action to the California Superior Court for the County of San Bernardino.

        Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  <u>Gaus v.</u>

MINUTES FORM 11                                    Initials of Deputy Clerk ___md____
CIVIL -- GEN                      Page 1

EDCV 12-00346 VAP (SPx)
AURORA LOAN SERVICES, LLC v. HILDA E. CABRAL, IRENE CABRAL
MINUTE ORDER of March 28, 2012

Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--
Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford
Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal
jurisdiction bears the burden of proving the case is properly in federal court.").  "If at
any time before final judgment it appears that the district court lacks subject matter
jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v.
Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent
obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If
the court determines at any time that it lacks subject-matter jurisdiction, the court
must dismiss the action.")

Defendants allege one basis for removal is federal question jurisdiction, 28
U.S.C. § 1331.  From the face of the Complaint, Plaintiff's only claim is for unlawful
detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers
Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a
case to federal court unless the basis for federal jurisdiction is apparent on the face
of the complaint).  Without a federal question pled in a complaint, there is no federal
question jurisdiction.

Likewise, the face of the Complaint indicates that the amount in controversy is
under $10,000, well below the $75,000 required by 28 U.S.C. § 1332 to establish the
Court's diversity jurisdiction.  Accordingly, the Court REMANDS this matter to the
California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**

MINUTES FORM 11                                        Initials of Deputy Clerk ___md____
CIVIL -- GEN                        Page 2